In the Matter of JOSEPH L. COLP, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 7, 1993

### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Joseph L. Colp,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent, Joseph L. Colp, was admitted to the practice of law in New York by the First Judicial Department on July 9, 1984 under the name Joseph Loris Colp. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

By petition dated May 22, 1992, the Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.16 (b) (1), suspending respondent from the practice of law

until further order of this Court on the grounds that he is incapacitated from continuing to practice law by reason of mental infirmity or illness.

In May 1991, the Committee petitioned this Court for an order directing respondent to undergo a psychiatric examination by an expert designated by this Court and if, upon the submission of the results of this examination, the Court were satisfied that respondent is incapacitated from continuing to practice law by reason of mental infirmity or illness, for an order suspending respondent from the practice of law for an indefinite period.

The complaints against respondent involve his tendency to suspect the existence of plots and conspiracies against him. Furthermore, in a complaint against a housing Judge, respondent went so far to allege that the Judge had conspired with landlord attorneys to murder Bruce Bailey, the late leader of the Columbia Tenant's Union. In addition, in May 1991, respondent was, for the second time, accused of engaging in sexual misconduct with a client.

By orders entered March 18, 1992, this Court granted the Committee's petition to the extent of appointing Dr. Amy S. Hoffman to review the record herein, to examine respondent and to render to this Court an independent opinion as to whether respondent is incapacitated from continuing to practice law by reason of mental infirmity or illness.

Respondent was examined by Dr. Amy Hoffman on May 12, 1992. In summary, she concluded that "Mr. Colp has signs consistent with paranoia, suspiciousness, persecutory delusions, hypervigilance, a tendency to see conspiracies and plots and a grandiose self-referential misinterpretation of ordinary events. *The most likely diagnosis is delusional disorder, paranoid type. While this do*[es] *not pose an imminent threat to society nor interfere with his ability to care for himself, I believe his symptoms do have the potential to interfere with his ability to successfully practice law.* For example, the paranoid stance would not allow him to compromise his position sufficiently to participate in the process of negotiation. Also, I doubt if he will give up his conviction that there is a conspiracy among certain members of the court."

The Departmental Disciplinary Committee now seeks an order suspending respondent indefinitely on the ground of

mental infirmity as contained in the psychiatric evaluation. By cross motion dated June 23, 1992, respondent seeks an order dismissing the Committee's petition based upon the failure of the Committee to support its claim that respondent is incompetent or incapable of caring for his property.

22 NYCRR 603.16 (b) (1) provides: "Whenever the Departmental Disciplinary Committee shall petition this court to determine whether an attorney is incapacitated from continuing to practice law by reason of physical or mental infirmity or illness or because of addiction to drugs or intoxicants, this court may take or direct such action as it deems necessary or proper to determine whether the attorney is so incapacitated, including examination of the attorney by such qualified experts as this court shall designate. If, upon due consideration of the matter, this court is satisfied and concludes that the attorney is incapacitated from continuing to practice law, it shall enter an order suspending him on the ground of such disability for an indefinite period and until the further order of this court and any pending disciplinary proceedings against the attorney shall be held in abeyance." Based on our review of the psychiatric evaluation and respondent's erratic behavior, we are persuaded that substantial evidence has been presented that respondent suffers from recognized mental illness or infirmity. This is further evidenced by advice from the Committee that, in the last few months, they have received four new complaints against respondent, three from clients and one from opposing counsel, as well as a letter from a Judge.

We agree with the Committee that respondent's capacity to practice law has been seriously diminished by his mental illness. Accordingly, the motion of the petitioner to suspend respondent indefinitely until the further order of this Court is granted and the cross motion denied.

CARRO, J. P., ROSENBERGER, WALLACH, ASCH and RUBIN, JJ., concur.

Petition granted, cross motion to dismiss denied, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective January 7, 1993, for an indefinite period, and until the further order of this Court.